IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

MARK LOWE 1489162
Lunenburg Correctional Center
690 Falls Road
Victoria, Va 23974
Plaintiff,



v. Case Action No: 3:20cv390

Harold Clarke - Director
Department of Corrections
by counsel
Mark Hearing Commonwealth Attorney
202 North 9th Street
Richmond, Va 23219
Defendants,

Major David Hamlett
Baskerville Correctional Center
4150 Hayes Mill Road
Baskerville, Va 23915
Defendants,

---

PARTICULARIZED COMPLAINT FOR CIVIL ACTION

Comes Now, Mark Lowe, Pro Se, and pursuant to 42 U.S.C. §§1983 with a complaint of cruel or unusual treatment and violations of prisoner's 8th and 14th Amendment rights under the Constitution of the United States. The petitioner also asserts a violation of the Americans with Disabilities Act Title II 42 U.S.C. §§12131 and in support asserts two or more employees of the Department of Corrections subjected Mark Lowe to the deprivation of rights through cruel and unusual treatment at Baskerville Correctional Center. (1) The petitioner identifies Major David Hamlett as a Defendant. Major Hamlett is the Chief of Security at Baskerville Correctional Center. Major Hamlett authorized Department of Corrections Officers to act unlawfully at the working location of

1

Baskerville Correctional Center. (2) The petitioner identifies Harold Clarke as the second Defendant. Harold Clarke is the Director of the Department of Corrections of Virginia. Harold Clarke is the proper person to serve and charge with discrimination under 42 U.S.C. §§2000e-16(c)

FACTS:

The petitioner, Mark Lowe, moves the court to review the following facts and allegations under the objective standard established in Rhodes v. Chapman, 452, U.S. 337, 347-49(1981). The petitioner asserts conditions implemented at Baskerville Corrections Center are sufficiently serious deprivation and the Virginia Department of Corrections Officials acted with a sufficiently culpable state of mind.

1. Mark Lowe is a prisoner of Virginia and currently incarcerated in Lunenburg Correctional Center 690 Falls Road Victoria, Va 23974.

2. Mark Lowe has a protected liberty and interest in basic human needs, food, clothing, medical care, and reasonable safety as well as warmth and exercise. citing Wilson v. Seiter, 501 U.S. 294, 297-303(1991)

3. Under the color of law, Major David Hamlett, subjected and/or caused Mark Lowe to be subjected to deprivation of rights protected under the 8th and 14th Amendment of the United States.

4. The Eighth Amendment of the United States Constitution protects Mark Lowe from cruel and unusual treatment while incarcerated in Virginia. citing Hutto v. Finney, 437 U.S. 678, 685 (1978)

5. Major David Hamlett knowingly and willfully implemented five conditions of deprivation and suffering in violation of Virginia code or law prohibiting boot camps; also, in violation of the Virginia Department of Corrections policies and procedures; and his actions were contrary to memoranda from Harold Clarke, Director of Department of Corrections. The action includes the following incidents:

    I. Major Hamlett knowingly issued an unlawful memorandum requiring the search and seizure of all blankets and protective clothing.

 II. Major Hamlet implemented sleep deprivation techniques and full lighting 24 hours per day in building 3A.
 III. Major David Hamlett implemented sleep deprivation through formal count procedures every two hours.
 IV. Salt and basic quantities or qualities of food were discretionary at Baskerville Correctional Center.
 V. Major Hamlett reduced exercise below the minimum mandatory standard of 1 hour per day.

6. Mark Lowe complied with the Prison Litigation Reform Act and utilized the Virginia Department of Corrections internal grievance and arbitration process on the following dates: I) April 7, 2019; II) September 26, 2019; III) November 15, 2019; IV) January 29, 2020; V) January 29, 2020; VI) February 6, 2020; VII) March 3, 2020; VIII) March 9, 2020

7. Major David Hamlett and the Department of Corrections administrative staff took the following five constructive acts of retaliation against the individual prisoner Mark Lowe for the complaints of constitutional violations. The petitioner moves the court to review retaliatory actions under the subjective standard for obduracy and wanton indifference. citing - Wilson v. Seiter, 501 U.S. 294, 297 - 303(1991)

 I. On April 29, 2020, Major David Hamlett retaliated for civil rights complaints and denied Mark Lowe access to toilet paper. White prisoners are given toilet paper as needed or upon request. The Baskerville surveillance system retains an image of officers denying toilet paper to Mark Lowe at 6:00 pm on April 29, 2020. The incident represents an institutional prank, physical intimidation, systemic discrimination, and perversion.
 II. On or about April 7, 2019, Lt. Thomas and Officer Crutchfield denied Mark Lowe access to a diabetic meal. The Officers were implementing physical retaliation and violating Title II of the Americans with Disabilities Act 42 U.S.C. §§12131.
 III. On November 11, 2019 Officer Jordan searched the living area of Mark Lowe at or about 12:00 am. The search was a sleep deprivation tactic. No contraband has ever been discovered on Mark Lowe's person or in his property.

 IV. Major Hamlett's denied access to outside exercise to prisoner in building 3A for more than 45 consecutive days.

    A. The April 1, 2020 (Exhibit 50) does not allow Major Hamlett's or Baskerville staff to suspend outside exercise in response to the COVID-19 crises.
    B. Major Hamlett violated the April 1, 2020 memorandum from Harold Clarke and instructed his staff to reissue used or infected mask to prisoners.
    C. Approximately 70% of the prison population became infected with COVID-19 as a result of Major Hamlett's private war on prisoners.
    D. The dorm areas were turned into human incubation zones for the COVID-19 virus.

IV. The administrative staff denied Mark Lowe access to building 3B. The staff did not practice sleep deprivation against prisoners in building 3B. An unequal and undocumented classification system was used to protect some prisoners from sleep deprivation. The undocumented classification process violated Mark Lowe's 14th Amendment rights.

V. The staff retaliated against Mark Lowe and completed frequent searches of his living area during non-standard times to force sleep deprivation. The staff searched Mark Lowe's living area on March 3 and March 9 of 2020.

8. Major Hamlett's and administrative staff's actions are especially perverse, juvenile, and depraved. Mark Lowe was the only prisoner denied access to toilet paper.

9. Major Hamlett demonstrated a lewd desire and aberrant inclination to violate the law and cause physical/psychological harm with wanton indifference.

EVIDENCE OF CHARACTER SUBMITTED UNDER FEDERAL RULES OF EVIDENCE - RULE 404(2)

10. This court failed to issue an injunction upon request by the petitioner.

11. On or about July 31, 2020 Mark Lowe was assaulted in building 3A in front of the building Lt. Dove. The assault and malicious wounding broke the jaw of Mark Lowe and was intended as physical intimidation. The assault compromised the safety of Mark Lowe and was in retaliation for this civil action. The delay in issuing the injunction contributed to permanent injuries.

12. Mark Lowe has permanent injuries from the assault. The broken jaw communicated a message of stay quiet. The incident represents an act witness tampering and tampering with the judicial machinery. Mark Lowe moves the court

4

to introduce the new evidence under Federal Rules of Evidence - Rule 404(2) Character Evidence; Crimes and Other Acts. (Exhibit 51)

13. For the health and safety of Mark Lowe, Joyceline Boone, Assistant Warden, transferred Mark Lowe to Lunenburg Correctional Center on August 3rd, 2020.

14. During the interim time of litigation, the Warden, Mr. Barksdale, has died from COVID-19. The health and status of Joyceline Boone is unknown.

15. Prior to 2020, the Baskerville staff initiated a false institutional charge against Mark Lowe. (BACC-INF- 0527). The charge was dismissed as false.

CIVIL RIGHTS VIOLATED

The courts have found an 8th Amendment violation when prisoners are deprived of "the minimal civilized measures of life's necessities such as food, warmth, or exercise. citing - Rhodes v. Chapman, 452, U.S. 337, 347-49(1981). The 4th Circuit enforced the standard in Williams v. Griffin, 952 F.2d 820, 825-26(4th Cir. 1991). Major Hamlett and the Baskerville staff violated the law. Harold Clarke had a responsibility to correct or remove Major Hamlett from the position. As Director for the Virginia Department of Corrections, Harold Clarke received notice of 8th Amendment violations through the internal Department of Corrections grievance or arbitration process.

16. The petitioner, Mark Lowe, asserted violations of his 8th Amendment rights by Major David Hamlett in Facts #5.

> I. Major Hamlett and the Department of Corrections staff engaged in a pattern of harassment and discrimination represented by the internal grievances in the Appendix. (Exhibit 1-51). The staff violated the petitioners 14 Amendment rights.
>
> II. After corrective action by Supervisory staff, Major Hamlett would stop and start the same prohibited action on a later date.
>
> III. Major David Hamlett's demeanor is the text book definition of indifference.
>
> IV. Major Hamlett and the Department of Corrections staff took constructive action to deny access to the courts and prevent litigation related to US

5

District Court 3:17cv292 and this case.

17. Major David Hamlett authorized his staff to implement frequent searches of Mark Lowe's property. (Facts #8) The 8th Circuit Courts have found that frequent cell searches for the purpose of harassment are not frivolous. citing Scher v. Engelka, 943 F.2d 921, 923-24(8th Cir. 1991)

18. The courts consider 8th Amendment violations as less then1 hour of outside exercise per day. The modifications to outside exercise schedules were not temporary and were not related to. COVID-19. Major David Hamlett authorized his staff to deny outside exercise to prisoners for more than 45 consecutive days. (Fact#5, 6)

19. Warden, Barksdale, death may be related and/or contributed to the conditions at Baskerville Correctional Center. (Fact # 5,6,)

20. The denial of access to blankets and protective clothing during a pandemic is cruel and unusual. The actions of Major David Hamlett include "the wanton or unnecessary infliction of pain." - citing Rhodes v. Chapman, 452, U.S. 337, 347-49(1981). The incident involves a violation of the 8th and 14th Amendment.

21. There is no legitimate penological need for requiring prisoners to suffer physical and psychological harm. Keenon v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) The staff violated Mark Lowe's rights under the 8th and 14th Amendment.

22. The Director, Harold Clarke, failed to provide corrective action and oversight to Baskerville Correctional Staff. (Fact # 1-19) The 802.1 Dept of Corrections policy and procedure requires the administrative staff to provide a minimum of (1) blanket per prisoner.

23. When, Major Hamlett and his staff denies access to diabetic meals, blankets, protective clothing, toilet paper, and/or other basic needs they violate the

6

Americans with Disabilities Act, the 8th Amendment and the 14th Amendment to the United States Constitution. The cumulative effect of infringement upon prisoners' rights created this case. The 4th Circuit Court of Appeals has found actions similar to Hamlett's to be 'discrimination,' citing - Constantine v. George Mason University, 411 F.3d 474, 498 (4th Cir. 2005). The Director, Harold Clarke, is obligated to 'to make reasonable modifications." However, the Department of Corrections failed to take corrective action.

PRAYER FOR RELIEF

This court has jurisdiction to grant relief under Title II of the Americans with Disabilities Act 42 U.S.C. §§ 12131. The court has jurisdiction to grant relief under 42 U.S.C. §§ 1983. The petitioner request 5 Million dollars in compensatory and punitive damages. The petitioner request 50,000 dollars in punitive and compensatory damages for denial of toilet paper. The petitioner moves the court for a declaration judgment pursuant to 28 U.S.C. 2201. The petitioner request copy cost, postage fees, and legal fees.

JURISDICTION

The petitioner, Mark Lowe, is housed in Lunenburg Correctional Center at 690 Falls Road Victoria, Va 23974. The Commonwealth of Virginia has sentenced the petitioner to a twelve-year prison sentence. The violations occurred in Baskerville Virginia and have continued at Lunenburg Correctional Center. This court has jurisdiction to review the complaint under 28 U.S.C. §§ 1331 and §§ 1343. This court has jurisdiction to review the complaints under 42 U.S.C. §§1983. This court has jurisdiction to award relief under 42 U.S.C. §§12131. This court has jurisdiction to issue a declaration judgment pursuant to 28 U.S.C. §§2201.

History

Mark Lowe is incarcerated in Virginia and forced to live in level II dorms. Major David Hamlett opportunistically manipulated the COVID - 19 crises. Major Hamlett used the crises as an opportunity to implement unlawful living conditions at Baskerville Correctional Center. Harold Clarke, Director of the Department of Corrections failed to take corrective action prior to the initiation of

7

this civil action or the collateral death of staff. Prior to his incarceration, Mark Lowe was a security analyst for the Department of Defense. The Virginia Department of Corrections applied force to insure silence during the election year. Since 2012, Mark Lowe asserted conservatives were working with foreign agents to disrupt the elections. Mark Lowe has been denied meaningful access to the court. A criminal complaint is pending against staff and prisoners who assaulted Mark Lowe.

Wherefore, Mark Lowe, Pro Se, moves the court to grant the relief requested and any other appropriate remedies.

Mark Lowe 1489162
Lunenburg Correctional Center
690 Falls Road
Victoria, Via 23974

I swear pursuant to 28 U.S.C § 1746 the attached Particularized Complaint for Civil Action is true and accurate under penalty of perjury.

*[signature]*

by: Mark Love 1489162
Lunenburg Correctional Center
690 Falls Road
Victoria, Va 23974
December 15, 2020

Certificate of Service

I swear pursuant to 28 U.S.C § 1746, a true and accurate copy of the attached Particularized Complaint for Civil Action has been mailed via first class mail postage pre-paid to counsel for Harold Clarke - Director of Dept of Corrections, Mark Hearing at Office of the Commonwealth Attorney, 202 North 9th Street Richmond Va 23219 and Major David Hamlett at 4150 Hayes Mill Road Baskerville Va 23915 on the 28th day of December 2020.

by: _____
Mark Awle 1489162
Lunenburg Correctional Center
690 Falls Road
Victoria Va 23974