# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

MARK LOWE, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:20CV390
)
HAROLD CLARKE, *et.al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion and Request for a Certificate of Appealability)

By Memorandum Opinion and Order entered on October 18, 2021, the Court dismissed Mark Madison Lowe's 42 U.S.C. § 1983 action with prejudice because it was legally and factually frivolous. (ECF Nos. 57, 58.) On October 29, 2021, the Court received Lowe's notice of appeal and "Objections to the Judges Report." (ECF No. 59.) Lowe indicates that he objects to the "Report and Recommendation" issued on October 18, 2021. (*Id.* at 1.) Lowe may not object to the October 18, 2021 Memorandum Opinion because it was a final order that dismissed the action with prejudice, not a report and recommendation where Lowe may file objections. Nevertheless, because Lowe filed his Objections within twenty-eight days of the October 18, 2021 Memorandum Opinion and Order, the Court construes the Objections as filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Lowe apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice. Lowe, however, fails to demonstrate that the Court committed any error of law. *See Pac. Ins. Co.*, 148 F.3d at 403 (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). In his Rule 59(e) Motion, Lowe insists once again that he believes that the undersigned has a conflict and should have recused himself (ECF No. 59 ¶ 1),[1] that he is "not required to comply with every technical rule of the court" (*id.* ¶ 2), and that generally, it was unfair to dismiss the case under the Court's screening obligations under 28 U.S.C. §§ 1915(e)(2) and 1915A without requiring a response from

---

[1] The undersigned has explained to Lowe why the undersigned need not recuse himself from the matter. The Court will not rehash that here.

Defendants (*see id.* ¶¶ 3–15).[2] These contentions are insufficient to demonstrate a clear error of law. Lowe also faults the Court for not "review[ing] attached records," that would show that Defendant Hamlette "signed and responded to a complaint" regarding the distribution of toilet paper. (*Id.* ¶ 14.) As a preliminary matter, it was incumbent upon Lowe to state all facts that supported his claim in the body of his Second Particularized Complaint. Moreover, the Court determined that to the extent Lowe alleged that Defendant Hamlette was personally involved in this deprivation of toilet paper, denying Lowe toilet paper for brief periods of time does not violate the constitution. *Lowe*, 2021 WL 4852174, at *11 (citations omitted). Therefore, Lowe identifies no clear error of law and fails to establish that the Court must reconsider its dismissal to prevent manifest injustice. Accordingly, Lowe's Rule 59(e) Motion (ECF No. 59) will be denied.

Lowe also filed a Motion for Certification of Appeal in which he requests that the Court grant him a certificate of appealability. (ECF No. 63, at 1.) A certificate of appealability is not required to appeal the dismissal of a § 1983 action. Accordingly, the Motion for Certification of Appeal (ECF No. 63) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
Date: Dec. 6, 2021       HENRY E. HUDSON
Richmond, Virginia     SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Lowe also objects to what he deems "findings of fact" in the Memorandum Opinion. (ECF No. 59, ¶¶ 9–15.) Lowe's Second Particularized Complaint was dismissed because he failed to allege *sufficient facts* to state a constitutional claim. Lowe demonstrates no clear error of law in the Court's conclusions.

3